EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Designación de la Directora Ejecutiva de la Comisión de Evaluación Judicial | 2018 TSPR 158<br><br>201 DPR \_\_\_\_ |

Número del Caso: EN-2018-5

Fecha: 28 de agosto de 2018

Materia: Resolución del Tribunal con Voto de Conformidad y Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Designación de la Directora       EN-2018-5
Ejecutiva de la Comisión de
Evaluación Judicial

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de agosto de 2018.

En virtud de la Regla 5 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia, 2018 TSPR 34, 199 DPR ___ (2018), el Tribunal Supremo designa a la Lcda. Claudette Fernández Rosario como Directora Ejecutiva de la Comisión de Evaluación Judicial, efectivo el 17 de septiembre de 2018.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió Voto de Conformidad. La Juez Asociada señora Rodríguez Rodríguez emitió Voto Particular Disidente. La Jueza Presidenta Oronoz Rodríguez disiente y hace constar la siguiente expresión:

> Discrepo de la acción que realiza hoy una Mayoría de este Tribunal por los fundamentos expuestos en el Voto particular disidente que emití en <u>In re Aprobación de Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia</u>, 2018 TSPR 34, 28, 199 DPR ___ (2018).

El Juez Asociado señor Colón Pérez disiente y hace constar la siguiente expresión:

El Juez Asociado señor Colón Pérez, sin pasar juicio sobre si la Lcda. Claudette Fernández Rosario -- de quien puede dar fe de sus credenciales académicas y profesionales -- debió ser la persona designada para ocupar el cargo de Directora Ejecutiva de la Comisión de Evaluación Judicial, discrepa del curso de acción seguido por una mayoría de este Tribunal para realizar el referido nombramiento, ello por considerar que -- de conformidad con lo dispuesto en el Art. V, Sec. 7, de la Constitución del Estado Libre Asociado de Puerto Rico -- la facultad de designar los funcionarios o funcionarias que se desempeñan en cargos como el que está aquí en controversia es una **tarea inherentemente administrativa** que le corresponde exclusivamente a la Jueza Presidenta de esta Curia, Hon. Maite D. Oronoz Rodríguez.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Designación de la Directora
Ejecutiva de la Comisión de        EN-2018-5
Evaluación Judicial

Voto de Conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 28 de agosto de 2018.

Voto conforme con el nombramiento de la Lcda. Claudette Fernández Rosario como Directora Ejecutiva de la Comisión de Evaluación Judicial. Ese nombramiento está dentro de los delegados por reglamento al Pleno de este Tribunal. Ha estado ante nuestra consideración desde hace varias semanas.

Nuestra facultad para nombrar una funcionaria que dirige una comisión creada por el Pleno del Tribunal para auxiliarle en su tarea de supervisar el desempeño de los integrantes de la Rama Judicial no está en duda. Es lógico que sea el Tribunal en pleno quien la nombre. Como señalé en mi voto de

conformidad en <u>In re: Aprobación de enmiendas al Reglamento del Tribunal de Apelaciones</u>, 199 DPR ___ (2018), 2018 TSPR 33:

> Puntualizo que el Art. V, Sec. 7, de la Constitución de Puerto Rico, 1 LPRA, establece que la Juez Presidenta "dirigirá la administración de los tribunales..."; no dice que será la administradora plenipotenciaria, ni que actuará por su cuenta, o sin pesos y contrapesos. La Constitución tampoco dice que el Tribunal Supremo está impedido de reglamentar criterios para la asignación de jueces en los tribunales de Puerto Rico. Por el contrario, la misma Sec. 7 de la Constitución reconoce expresamente la facultad de adoptar "reglas para la administración de los tribunales…". Por eso, no es posible reclamar al mismo tiempo que la designación de jueces en los paneles del Tribunal de Apelaciones es un acto de administración y, acto seguido, que el Pleno carece de autoridad para reglamentar ese acto de administración.
>
> En el pasado, hemos delimitado los contornos de los poderes de reglamentación del Pleno del Tribunal. Véase, <u>In re Aprobación de las Reglas para los Procedimientos de Investigaciones</u>, 184 DPR 575 (2012). El análisis, basado en un estudio del texto de la Constitución, el Diario de Sesiones de la Asamblea Constituyente y las ponencias que allí se consideraron, nos lleva, en síntesis, a la conclusión siguiente: En nuestro sistema republicano de gobierno, nadie tiene facultades omnímodas o absolutas. El Pleno del Tribunal Supremo tiene facultad de supervisar y reglamentar la administración de la Rama Judicial, como freno o contrapeso de la facultad de la Juez Presidenta para dirigir la administración de nuestros tribunales. En el gobierno no tenemos monarcas ni emperadores. Por eso este Tribunal ha rechazado todo revisionismo de esta historia constitucional.

La designación de los funcionarios que auxilian a este Tribunal y sus cuerpos auxiliares no es un acto de administración, como tampoco lo es -por ejemplo- la

designación de un funcionario del gabinete en la Rama Ejecutiva. Es un acto que requiere el voto afirmativo del cuerpo colegiado, por mayoría. Esa distribución de autoridad evita la concentración del poder en una sola persona.

El acto de administración es supervisar el trabajo diario de estos funcionarios. Esa labor es de quien administra que, en nuestro caso, por mandato constitucional, es la Juez Presidenta. El nombramiento de funcionarios que laboran para el Tribunal en pleno o los organismos que hemos creado, es otra cosa distinta. Es una facultad del Tribunal, para poder cumplir con su encomienda constitucional de supervisar y reglamentar la administración de la Rama Judicial, como contrapeso de la facultad de la Juez Presidenta para dirigir la administración de nuestros tribunales. La designación que hacemos hoy recoge estos principios.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Designación de la Directora Ejecutiva de la Comisión de Evaluación Judicial | **Núm.** EN-2018-05 |

Voto Particular Disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 28 de agosto de 2018.

Apenas a inicios de este año, advertí sobre los peligros de despojar a la Jueza Presidenta de este Tribunal de funciones inherentemente administrativas.[1] En aquel momento, denuncié enérgicamente el afán de una mayoría por atribuirse, en total contravención a nuestra Constitución, el poder de administrar la Rama Judicial. Asimismo, expresé cómo el poder de administrar un sistema de justicia requería "destreza, capacidad y la habilidad de estudiar detenidamente su funcionamiento antes de implementar cambios en el mismo". *In re Aprobación de Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia*, 2018 TSPR 34, en la pág.

---

[1] *Véase In re Aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, 2018 TSPR 33 (Rodríguez, Rodríguez J., Voto Particular Disidente); *In re Aprobación de Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia*, 2018 TSPR 34 (Rodríguez, Rodríguez J., Voto Particular Disidente).

2 (Rodríguez, Rodríguez J., Voto Particular Disidente).

Por último, señalé cómo el nuevo sistema de evaluación que se instituía mediante el nuevo reglamento reflejaba la ligereza e impremeditación con las que la mayoría asumía las funciones administrativas que inconstitucionalmente se arrogaba.[2] El nombramiento que hoy certifica una mayoría de los integrantes de este Foro concreta de forma evidente ese presagio de desaciertos, esa "advertencia de lo por venir". *In re Aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, 2018 TSPR 33.

Previo a esgrimir los fundamentos que sustentan mi disenso, estimo preciso aclarar que **ninguno de éstos versa sobre los méritos académicos, personales y profesionales —como abogada y administradora— de la Lcda. Claudette Fernández Rosario**, nueva Directora Ejecutiva de la Comisión de Evaluación Judicial. Más bien, mi oposición al proceder de una mayoría se fundamenta, en primer lugar, en que este nombramiento le compete —en función de una delegación constitucional

---

[2] Específicamente, acoté cómo una comparación entre el reglamento que se aprobaba y aquel que quedaba derogado demostraba que el único cambio al sistema de evaluación consistía en la sustitución generalizada del término "Jueza Presidenta" por "el Pleno del Tribunal". A esos efectos, señalé cómo la preocupación de una mayoría no giraba en torno a "transformar o modernizar el estado actual de las cosas para lograr mayor eficiencia, sino más bien en torno a poseer la autoridad (y autoría) sobre lo que ya había sido creado por otros". *In re Aprobación de Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia*, 2018 TSPR 34, en la pág. 4 (Rodríguez, Rodríguez, J., Voto Particular Disidente).

expresa– a la Jueza Presidenta de este Tribunal. En segundo lugar, esta es una designación que se propone de un día para otro, y sin el beneficio de una discusión ponderada por el Pleno del Tribunal sobre las cualidades y experiencias profesionales de la candidata y por qué es necesario destituir a quien hasta ahora ostenta el cargo. Este proceder, revela la manera precipitada e irreflexiva con la que los integrantes de una mayoría han decidido ejercer "un poder" ilegítimamente usurpado a la Jueza Presidenta inmiscuyéndose inconstitucionalmente en la administración de la Rama Judicial. En tercer lugar, dado que la Ley Núm. 120-2017 y el Reglamento aprobado en virtud de ésta tuvieron el efecto de remover inopinadamente a la mayoría de los integrantes de la Comisión y, por consiguiente, suprimir gran parte de su memoria histórica, estimo improcedente un cambio en su dirección sin que tan siquiera se evalúen los méritos de otros posibles candidatos o  –como mínimo- se discuta en pleno la única designación que resultó ser objeto de esta *Resolución* y que se nos presentó, a algunos miembros de este Tribunal, como un *fait accompli*.

Lamentablemente, el proceder de una mayoría evidencia que sus acciones obedecen a otras consideraciones que en nada se relacionan al buen funcionamiento de la Comisión de Evaluación Judicial, cuya función es esencial para la sana administración de nuestro sistema de justicia. Por entender que

correspondía a la Jueza Presidenta designar a la persona con quien trabajará directamente en esta Comisión y por no albergar duda que ésta, en su rol de administradora, hubiese sopesado las cualidades y los méritos de distintos candidatos si consideraba necesario sustituir a quien se desempeña hasta ahora en el cargo de Directora Ejecutiva de la Comisión de Evaluación Judicial, disiento del nombramiento que hoy realiza una mayoría.


                          Anabelle Rodríguez Rodríguez
                               Juez Asociada