EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Enmiendas a las Reglas 4 y 19 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia | 2019 TSPR 63<br><br>202 DPR \_\_\_\_ |

Número del Caso:  ER-2019-3

Fecha: 5 de abril de 2019

Materia: Resolución del Tribunal con Voto de Conformidad y Votos Particulares Disidentes

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:*<br><br>Enmiendas a las Reglas 4 y 19 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia | ER-2019-3 |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de abril de 2019.

El 23 de febrero de 2018 adoptamos el *Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia* (Reglamento), 199 DPR 904 (2018). Posteriormente, mediante una resolución de 18 de julio de 2018, enmendamos la Regla 4 del Reglamento para disponer que la Comisión de Evaluación Judicial (Comisión) estaría compuesta de un presidente o una presidenta y nueve miembros nombrados por el Tribunal Supremo. Esto ocasionó que la Comisión quedara constituida por un número par de miembros.

En consideración a que la Comisión está conformada como un cuerpo colegiado, para imprimir mayor certeza al proceso decisional de sus miembros al momento de evaluar las ejecutorias de los jueces y juezas que componen el Tribunal de Primera Instancia, en virtud de nuestro poder constitucional, enmendamos la Regla 4(A) y la Regla 19(B) del Reglamento. Además, enmendamos la Regla 4(A) para aclarar el alcance de la participación de los Jueces y Juezas del Tribunal Supremo en las reuniones o actividades de la Comisión. Esa participación también fue instaurada por el Reglamento de 23 de febrero de 2018.

La Regla 4 del Reglamento leerá como sigue:

"**Regla 4.  Miembros de la Comisión:  Nombramiento, facultades y limitaciones**

A. La Comisión estará compuesta por un presidente o presidenta y diez (10) miembros nombrados por el Pleno del Tribunal Supremo. De los miembros nombrados, uno tendrá experiencia en asuntos de administración y otro será un ciudadano que no sea abogado o abogada.  Los Jueces y Juezas del Tribunal Supremo podrán participar, y tendrán voz y voto en cualquier reunión o actividad de la Comisión, sin que su asistencia sea considerada para efectos de establecer quórum.

B. [...]

C. [...]".

Se enmienda la Regla 19 de este cuerpo normativo para que disponga lo siguiente:

"**Regla 19. Convocatoria y Quórum de la Comisión**

A. [...]

B. El quórum de la Comisión se constituirá con seis (6) miembros.

C. [...]".

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto de Conformidad al que se unió la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón. La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente. El Juez Asociado señor Colón Pérez emitió un Voto Particular Disidente al cual se unió la Jueza Presidenta Oronoz Rodríguez. El Juez Asociado señor Estrella Martínez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Enmiendas a las Reglas 4 y
19 del Reglamento para la          ER-2019-03
Evaluación de Jueces y
Juezas del Tribunal de
Primera Instancia


Voto de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al que se unieron la Jueza Asociada señora PABÓN CHARNECO y los Jueces Asociados señor KOLTHOFF CARABALLO, señor RIVERA GARCÍA y señor FELIBERTI CINTRÓN.


En San Juan, Puerto Rico, a 5 de abril de 2019.

La Comisión de Evaluación Judicial siempre había estado compuesta por un número impar de miembros. La única excepción ocurrió el pasado julio, cuando se fijó el número en diez (incluyendo a la Juez Presidenta). Hoy regresamos a la práctica instaurada por décadas de que el número de miembros sea impar. Como en todo cuerpo colegiado, esa es la norma general, para disminuir la frecuencia de los empates que uno de los votos disidentes niega pero que son tan reales que están contemplados por la Regla 23(B) del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia, 4 LPRA Ap. ___.

Como no vamos a destituir a ninguno de los miembros actuales, quienes están haciendo un trabajo excelente, es preferible aumentar uno. Así pues, no hay ningún "court packing", descripción inaplicable e incorrecta que se utiliza solamente para inyectar pasión a la oposición a esta enmienda.

Por otro lado, debe quedar claro que desde que se aprobó el reglamento que rige la comisión, todos los jueces de este Tribunal pueden participar en las deliberaciones del organismo. El que objete ahora esa participación llegó tarde.

Lo que hacemos hoy es reconocer y aclarar que, si participamos en las deliberaciones de la comisión, lo lógico es que no tengamos más restricciones que las que tienen nuestros subalternos, los comisionados. Lo contrario sería invertir el orden jerárquico y convertirnos, las Juezas Asociadas y los Jueces Asociados de este Tribunal, en subalternos de los comisionados.

¿Por qué, entonces, tanta pasión y retórica contra la injerencia de los Jueces Asociados en los trabajos de una comisión de todo el Tribunal Supremo? La comisión no está adscrita a la presidencia sino al Tribunal Supremo en pleno. ¿Por qué, entonces, el endoso irrestricto a la injerencia exclusiva de la Juez Presidenta, con la exclusión de los demás integrantes de este Tribunal?

La respuesta es evidente: Ejercer control de la comisión a espaldas de los Jueces Asociados de este Tribunal.

Así pues, sí, ¡por supuesto que volvemos a la carga para reclamar injerencia en los organismos del Tribunal y evitar que se nos excluya como lamentablemente se hacía en el pasado! Para defender ese principio y evitar que esta rama se administre como si fuera una monarquía, estaré a la carga, hoy, mañana y siempre.

RAFAEL L. MARTÍNEZ TORRES<br>
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmiendas a las Reglas 4 y 19 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia

ER-2019-03

Voto Particular Disidente emitido por la JUEZA PRESIDENTA ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 5 de abril de 2019.

El aumento en la composición de la *Comisión de Evaluación Judicial* es inmeritorio. No existe razón legal ni práctica alguna que justifique elevar de diez (10) a diecinueve (19) el número de participantes con derecho al voto en dicha Comisión. Disiento, pues, de este burdo esquema de "*court-packing*" que la mayoría hoy diseña con el único fin de procurar controlar las evaluaciones de desempeño que reciben nuestros jueces y juezas.

Esta es la tercera ocasión en apenas un (1) año que la mayoría altera la operación de la *Comisión de Evaluación Judicial*. Como se recordará, el 23 de febrero de 2018 la mayoría fijó en nueve (9) el número

de miembros de dicha Comisión.[1] Posteriormente, se aumentó a diez (10) tan sólo cinco (5) meses después.[2]

Hoy, habiendo transcurrido apenas ocho (8) meses desde ese último incremento, la mayoría ha calculado que necesita decretar un nuevo aumento en la composición de la *Comisión de Evaluación Judicial*, para fijar el número de sus miembros en once (11). Adicionalmente, y sin que se haya provisto justificación alguna sobre el particular, la mayoría ha querido asegurarse que podrá votar en los procesos ante la referida Comisión, pero sin que su presencia sea contabilizada para fines de quórum. Ello elevaría el total de participantes en la Comisión a diecinueve (19).

La intención de la mayoría luce obvia: ante su fracaso en manipular el rol autónomo de la *Comisión de Evaluación Judicial*, y la dificultad que les representa continuar aumentando a perpetuidad el número de los miembros de esta Comisión, la mayoría ha optado por que se cuenten sus votos directamente en los procesos ante dicho organismo, pero sólo cuando acomodaticiamente lo estimen necesario.

Disiento de este proceder. La evaluación de jueces y juezas juega un rol importantísimo en el mejoramiento del desempeño judicial y el compromiso que esta Rama tiene de rendir cuentas a la comunidad sobre la labor de nuestra Judicatura. In re Conferencia Judicial de P.R., 122 DPR 420, 421 (1988). A diferencia de lo que parece pensar la mayoría, el objetivo de

---

[1] In re Reglamento Evaluación Js. TPI, 199 DPR 904 (2018).
[2] In re Desig. Miembros Com. Eval. Jud., 200 DPR 825 (2018).

este proceso no debe ser asegurarle a determinado juez o jueza que cuenta con los votos necesarios para obtener una mejor calificación cuando no tenga los méritos para merecerla.

Un cambio tan trascendental como el que hoy se impulsa, que duplica la composición de un organismo público y altera el rol que los Jueces Asociados y Juezas Asociadas de este Tribunal desempeñan en su faceta no judicial, requería, como mínimo, que se articularan razones de peso para justificar las modificaciones que se decretan.[3]

Nótese que en la historia de la *Comisión de Evaluación Judicial* nunca ha existido un problema en cuanto a si el número de sus miembros resulta ser par o impar, pues sus actuaciones se suelen tomar por consenso. En este sentido, es incorrecto que la mayoría intente apoyar la necesidad de este nuevo aumento en procurar un número impar para evitar empates que nunca han existido.

Además, la realidad es que la propia reglamentación que la mayoría aprobó hace apenas un (1) año ya provee soluciones en

---

[3] Como se conoce, existe una distinción importante entre la función judicial de este Foro y la reglamentaria. Véase <u>Ortiz v. Dir. Adm. De Los Tribunales</u>, 152 DPR 161, 185 (2000) ("Al reglamentar no ejercemos simultáneamente nuestra función primaria de adjudicar controversias dentro de un proceso adversativo en el cual interpretamos la Constitución y las leyes."); <u>Schneider v. Colegio de Abogados de Puerto Rico</u>, 917 F.2d 620, 629 & 640 (1er Cir. 1990) ("That the court chose to combine its rulemaking with its adjudication in the form of a single opinion does not detract from the nonjudicial nature of the Rule. [...] The 1986 Rule was the product not of judicial decision-making but of Puerto Rico Supreme Court rulemaking, and the district court therefore had jurisdiction to review its merits."). En esa medida, hemos destacado que "al preparar un reglamento, recopilamos información, celebramos vistas públicas, obtenemos sugerencias y críticas a los proyectos propuestos e intentamos diseñar un remedio de aplicabilidad general para atender un tipo particular de situación." <u>Ortiz v. Dir. Adm. De Los Tribunales</u>, <u>supra</u>.

caso de que ocurriese algún empate entre los miembros de dicha Comisión.[4]

El problema de empates que la mayoría quiere aparentar resolver es, pues, una mera ilusión pues estos no ocurren y, si ocurrieran, tienen solución reglamentaria.

A lo anterior debe añadirse que el número par o impar de miembros que esta Comisión pueda tener es susceptible a fluctuaciones como cuestión práctica. Es decir, aunque su composición reglamentaria se fije en un número impar, como once (11), en el funcionamiento diario de esta Comisión se pudiera generar alguna no intervención particular de uno de sus miembros, que de manera temporera lleve su número a uno par, como diez (10).

En el fondo, pues, la solución que la mayoría propone, para resolver un problema que no existe, es completamente artificial. Ni hay problema de empates en esta Comisión, ni existe problema alguno que amerite alterar su quórum. Es por ello que los cambios propuestos por la mayoría lucen tan carentes de apoyo legal, práctico e histórico.

No puedo, por tanto, avalar este artificio mayoritario para incrementar la *Comisión de Evaluación Judicial.* Este aumento desmedido en la composición de esta Comisión, la cual pasaría

---

[4] Véase Regla 23(B) del *Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia*, In re Reglamento Evaluación Js. TPI, 199 DPR 904, 926 (2018) ("Cuando la votación de los Comisionados y las Comisionadas para otorgar la calificación al juez o a la jueza se encuentre igualmente dividida, se adjudicará la mejor calificación. En esos casos, se le notificará en el informe de hallazgos preliminares y en el informe final de evaluación que hubo un empate en la calificación y que, por esa razón, se adjudicó la mejor calificación.").

a ser apenas ocho (8) miembros más pequeña que todo el Senado de Puerto Rico,[5] resulta patentemente injustificado, al punto que ni siquiera se cuenta con el espacio físico necesario para acomodar a sus diecinueve (19) participantes.

En vista de ello, disiento del proceder mayoritario.


Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[5] Art. III, Sec. 2, Const. E.L.A, LPRA, Tomo 1("El Senado se compondrá de veintisiete Senadores [...], excepto cuando dicha composición resultare aumentada a virtud de lo que se dispone en la Sección 7 de este Artículo.").

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In Re: | | |
|---|---|---|
| Enmiendas a las Reglas 4 y 19 del Reglamento para la Evaluación de Jueces y Juezas del Tribunal de Primera Instancia | **Núm.** ER-2019-3 | |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

En San Juan, Puerto Rico, a 5 de abril de 2019.

¡Hoy vuelven a la carga! Hace apenas ocho meses, una mayoría de los integrantes de este Tribunal insistió en reconfigurar la composición de la Comisión de Evaluación Judicial en un intento de transformarla a su imagen y semejanza. A esos efectos, nombraron cinco (5) nuevos miembros y una nueva directora ejecutiva, quedando fuera –sin explicación o motivo– varios de los miembros que por años sirvieron honrosamente a la Rama Judicial. Ello fue posible porque meses antes –en febrero de 2018– la mayoría usurpó los poderes de la Presidencia de la Rama Judicial al adoptar un nuevo Reglamento para la Evaluación de Jueces. Esta actuación estuvo amparada en una legislación a todas luces inconstitucional, pero que le servía de excusa a la mayoría para asumir "responsabilidades" cónsonas con su diseño ideológico, aunque contrarias al diseño constitucional. Véanse, *In re Reglamento Evaluación Jueces TPI*, 199 DPR 904 (2018); *In re: Desig. Miembros Com. Disc. Jud.*, 200 DPR 824

(2018); *In re Desig. Dir. Ejec. Com. Disc. Jud.*, 2018 TSPR 158.

En esta ocasión, en una especie de *court packing*, la mayoría modifica nuevamente la composición de la Comisión para aumentar el número de sus integrantes y permitir que los Jueces del Tribunal Supremo puedan tener voz y voto en las deliberaciones de ésta. Es decir, que ya no sean miembros *ex officio*, según se concibió originalmente. La excusa que se ofreció para este calculado apisonamiento es que de esta manera el número de miembros de la Comisión será impar y así se evitarán los empates. Para quien no conoce cómo funciona y ha funcionado históricamente la Comisión esa "explicación" parecería razonable. Es más, hasta una buena medida administrativa.

Pero quienes hemos sido miembros de esa Comisión en el pasado, cuando nos desempeñábamos en la práctica privada de la profesión, o quienes hemos seguido de cerca su trayectoria durante estos últimos 15 años, sabemos que esa mal llamada explicación no es más que un subterfugio porque NUNCA ha habido empates en las deliberaciones. Cualquier diferencia se discute y se llega a una decisión consensuada. Siempre; tan sencillo como eso. Si el problema que se quiere prevenir es inexistente, entonces, la pregunta forzada es: ¿a qué obedece el cambio? ¿Es que no se valora el consenso? ¿O es que el hambre del

"banquete total" es un hambre calagurritana que no tiene límites?

Cómo mínimo, parece evidente que la mayoría no confía en los 5 miembros de la Comisión que nombraron para que le representaran en las deliberaciones, y estas enmiendas no son más que un voto de desconfianza hacia la función que éstos desempeñan, en un mensaje poco sutil. La acción de hoy ensombrece la labor de la Comisión y la imparcialidad de los procesos de evaluación de jueces al someterlos al crisol ideológico. ¡Qué lástima!

                                   Anabelle Rodríguez Rodríguez
                                          Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Enmiendas al Reglamento de la
Comisión de Evaluación Judicial     ER-2019-3

Voto Particular Disidente emitido por el Juez Asociado SEÑOR COLÓN PÉREZ al cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 5 de abril de 2019.

Por los pasados quince (15) años he estado vinculado a la Rama Judicial de Puerto Rico en distintas facetas, los últimos tres (3) años como Juez Asociado de este Tribunal. Durante todo ese tiempo, directa o indirectamente, he tenido el honor y el privilegio de poder colaborar con la gran mayoría de los Comités, Comisiones y/o Juntas adscritas a este Foro.

Aunque en ocasiones he diferido de alguno de los cursos de acción recomendados por estos grupos de trabajo, puedo dar fe de que los miembros de los referidos Comités, Comisiones y/o Juntas -- hasta el momento -- han descargado sus responsabilidades con

el compromiso, la entrega y la dedicación que se espera de ellos. Al así hacerlo, han honrado la **confianza** que esta Curia depositó en cada uno de éstos al designarlos, en la gran mayoría de los casos por votación unánime, para formar parte de nuestros grupos de trabajo.

Nunca, repito nunca, en ninguno de esos Comités, Comisiones y/o Juntas (mas allá de la participación del Juez Presidente o Jueza Presidenta, o su representante, en su calidad de administrador de la Rama Judicial) se ha necesitado la presencia, o la voz y el voto, de todos los miembros de este Tribunal para asegurarnos de que éstos realicen de forma adecuada sus funciones. No veo razón alguna para que hoy tenga que ser distinto. Máxime cuando en el nombramiento de los miembros de la Comisión de Evaluación Judicial, cuyo *Reglamento* hoy se enmienda, todos los jueces y juezas que actualmente componemos este Foro tuvimos la oportunidad de participar y pasar juicio sobre los mismos.

En esa dirección, precisa señalar aquí que, históricamente, y en lo relacionado a los mencionados grupos de trabajo adscritos a esta Curia, nuestra función como Jueces de este Tribunal se ha circunscrito a revisar -- en las ocasiones en que así se nos solicita, cuando una ley o reglamento así lo requiere, o cuando por *Resolución* así lo hemos establecido -- los trabajos que éstos realizan. Estoy totalmente convencido de que ese debe seguir siendo nuestro

rol en estos procesos; permitiendo así que los miembros de dichos entes, que nos auxilian en nuestra tarea de impartir justicia, continúen realizando sus labores con **cierto grado de independencia**, tan saludable y necesaria en las funciones que ellos realizan. Lo contrario sería desnaturalizar y deslegitimar lo que, a través del tiempo, ha sido la figura de los Comités, Comisiones y/o Juntas adscritas a este Tribunal.

Por no ser ese el criterio de una mayoría de este Foro en lo relacionado al asunto de referencia, respetuosamente disentimos del curso de acción que hoy se sigue.

Ángel Colón Pérez
Juez Asociado